UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-2831(DSD/SER)

Grafe Auction Company,

       Plaintiff,

v.                                                         **ORDER**

Quality Beef Products Cooperative
and Randall Jones, an individual,

       Defendants.

    Emily E. Duke, Esq., Jessica L. Edwards, Esq., Fredrikson & Byron, PA, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 and Jeffery A. Mintz, Esq. and The Law Offices of Jeffery A. Mintz, LLC, 3257 19th Street N.W., Suite 4, Rochester, MN 55901, counsel for plaintiff.

    Michael W. Haag, Esq. and Foley & Mansfield, PLLP, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants Quality Beef Products Cooperative (Quality Beef) and Randall Jones (collectively, defendants). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This contractual dispute arises out of an auction by plaintiff Grafe Auction Company (Grafe) of a kosher beef kill plant in Buffalo Lake, Minnesota. Compl. ¶ 5. In 2011, Grafe contracted with non-party MB Holding, LLC (MB Holding) to auction the plant.

Id.  The contract (Auction Contract) provided that Grafe would advertise the auction, accept sealed bids from prospective purchasers and then conduct a live auction with the five highest bidders.  Edwards Aff. Ex. A, at 1.  The Auction Contract further provided that Grafe would "collect and retain a 10% Buyer's premium/fee" from the eventual purchaser.  Id. at 2.  Grafe advertised the auction by distributing packages (Bid Packages) to prospective bidders with blank bid forms and copies of the auction terms, including the buyer's premium.  Compl. Ex. A.

On June 7, 2011, Jones submitted a sealed bid of $2 million. Id. Ex. B.  On the bid form, Jones listed the bidder as "Randall Jones" and the bidder company as "Quality Beef Producers Coop." Id.  Jones signed the bid form, acknowledging that he would "abide by the terms and conditions of the sealed bid/auction process by submitting this sealed bid for the property."  Id.  Based on the bid, defendants were selected to participate in the live auction. Compl. ¶¶ 13-15.  At the live auction, defendants were the high bidder, at $2.8 million.  Id. ¶ 16.

After the auction, Quality Beef entered into a sale agreement (Sale Agreement) with MB Holding.  Id. Ex. C.  Jones signed the agreement as "Chairman of Board" of Quality Beef.  Id. at 18.  The Sale Agreement provided that "[t]he Buyer further agrees that it shall pay Grafe Auction a premium ... equal to 10% of the Purchase Price."  Id. at 6.  Defendants never paid the purchase price or the

buyer's premium.  Compl. ¶¶ 25-28.  The plant was later sold to another buyer for $1.7 million and Grafe received a buyer's premium of $85,000.  Compl. ¶¶ 33-34.

On July 2, 2012, Grafe filed a verified complaint in Minnesota court, alleging a claim for breach of contract.  Defendants timely removed, and move to dismiss.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). In this case, the Bid Package, Sale Agreement and Auction Agreement are properly considered, as the Bid Package and Sale Agreement are attached to the complaint and the Auction Agreement is necessarily embraced by the complaint. Moreover, "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) (citations omitted).

## II. Breach of Contract

"In order to state a claim for breach of contract, the plaintiff must show (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011) (citation omitted). Generally, "[i]f in dispute, the existence and terms of a contract are questions for the fact finder." Morrisette v. Harrison Int'l Corp., 486 N.W.2d 424, 427 (Minn. 1992) (citation omitted). Formation of a contract requires "a specific and definite offer, acceptance, and consideration."

Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polglaze, P.A., 756 N.W.2d 907, 918 (Minn. Ct. App. 2008) (citation and internal quotation marks omitted). "Whether a contract has been formed is judged objectively by the parties' conduct, not by the parties' subjective intent." Powell v. MVE Holdings, Inc., 626 N.W.2d 451, 460 (Minn. Ct. App. 2001) (citation omitted).

Defendants argue that dismissal is warranted because no contract exists between them and Grafe. Specifically, defendants argue that they were not a party to the Auction Agreement between Grafe and MB Holding and that Grafe was not a party to the Sale Agreement between Quality Beef and MB Holding. Further, defendants argue that in the absence of such a contract, an auction company cannot collect a commission from a defaulting purchaser. Cf., e.g., Giovannoni v. Waple & James, 105 F.2d 108, 109 (D.C. Cir. 1939) ("[W]henever it appears that the purchaser has not agreed to pay the broker's commission, or has not employed the broker, the purchaser is not liable for the commissions due the broker, nor liable in damages to the broker resulting from his breach of the contract of sale." (citations omitted)).

Grafe responds that the defendants' submitted bid form constituted a contract. Specifically, Grafe notes that the sealed bid form contained a disclaimer providing that "[b]y signing below ... I fully understand that I am required to abide by the terms and conditions of the sealed bid/auction process by submitting this

5

sealed bid for the property." Compl. Ex. B. Further, Grafe included a document in the Bid Packages entitled "Auction Terms," which included the Buyer's Premium provision that reads, "[a] ten percent (10%) buyer's premium will be added to the high bid price to equal the contract price used in the purchase agreement. For example, a bid price of $1,000,000.00 would equal a contract price of $1,100,000.00 ($100,000 + $1,000,000)." Id. Ex. A, at 2. Jones' signature on the bid form demonstrates that the defendants agreed to be bound by the auction terms. In consideration for agreeing to the auction terms, the defendants were allowed to participate in the live auction.

Moreover, the Sale Agreement[1] contained a provision requiring that Quality Beef "pay Grafe Auction a premium ... equal to 10% of the Purchase Price." Compl. Ex. C, at 6. Although Grafe was not a party to that agreement, the provision reflects the existence of the agreement between Grafe and defendants. See Powell, 626 N.W.2d at 460 ("In determining whether a contract was formed, th[e] court may look behind words to consider the surrounding facts and circumstances in the context of the entire transaction, including the purpose, subject matter and nature of it." (citation and internal quotation marks omitted)). In sum, given the surrounding

---

[1] Grafe argues in the alternative that it can sue as a third-party beneficiary of the Sale Agreement. Because the court finds that Grafe has stated a plausible claim for breach of contract based on the submitted bid form, it need not reach this argument.

circumstances of the transaction, the express terms included in the Bid Packages and Jones' signature on the sealed bid acknowledging those terms, Grafe has pleaded a viable breach of contract claim against defendants.  As a result, dismissal is not warranted.

**III.  Personal and Individual Capacity**

Jones also argues that dismissal of the claim against him in his personal and individual capacities is warranted, as he was acting as the agent of a disclosed principal at all relevant times. See Kost v. Peterson, 193 N.W.2d 291, 294 (Minn. 1971) ("Where an agent, acting for a disclosed principal, enters into a contract ... for and on account of his principal and in his name, the contract is that of the principal and does not give rise to any contractual obligation running to the agent.").  A principal is considered disclosed when "the third party has notice that the agent is acting for a principal and has notice of the principal's identity." Northland Temps., Inc. v. Turpin, 744 N.W.2d 398, 404 (Minn. Ct. App. 2008) (citation and internal quotation marks omitted).  Grafe responds that the bid form was unclear as to whether Jones was bidding in a personal or agency capacity.  Specifically, the bid form includes Quality Beef as the bidder company, but lists "Randall Jones" in the blank for bidder name.  Compl. Ex. B. Moreover, Jones signed the bid form "Randall Jones" and gave no indication that he was acting in an agency capacity.  See id. Given these limited facts and the early stage of the proceedings,

7

Grafe has pleaded a plausible claim of personal and individual liability against Jones.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 15] is denied.

Dated:  October 16, 2013

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court